UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MICHAEL MARSH,

          Petitioner,

-against-

JOSEPH T. SMITH, Superintendent,

          Respondent.
-----------------------------------------------------X

REPORT AND RECOMMENDATION
05-CV-2190 (NGG)(LB)

**LOIS BLOOM, United States Magistrate Judge:**

Michael Marsh petitions this Court *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Honorable Nicholas G. Garaufis, United States District Judge, referred the petition to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Because, at the time he filed the instant petition, petitioner was no longer "in custody" pursuant to the conviction he seeks to challenge, the court lacks jurisdiction to consider his claims for relief under 28 U.S.C. § 2254. It is therefore respectfully recommended that the petition should be dismissed.

## BACKGROUND

### 1. Conviction and Sentence

On December 14, 1993, petitioner was convicted after a bench trial in the New York Supreme Court, Kings County of robbery in the third degree and sentenced to a term of three and one-half to seven years imprisonment. Petition ("Pet.") at 1; Affidavit of Assistant District Attorney, Cynthia Kean ("Kean Affidavit") at ¶ 5. Petitioner served his sentence at Ulster Correctional Facility and was released on parole on December 24, 1997. Kean Affidavit, Exhibit 1 at 4, Division of Criminal Justice Criminal History Report on Petitioner ("Criminal History"). Petitioner remained on parole until the expiration of his sentence on February 29,

2004. Criminal History at 4.

### 2. Post-conviction Relief

Petitioner filed a notice of appeal December 15, 1993, the day after he was convicted. Kean Affidavit at ¶ 6. In January 2004, appellees moved to dismiss the appeal for failure to perfect the appeal. Id. at ¶ 8. Petitioner opposed the motion on January 28, 2004, arguing that he should not be held accountable for the delay because the court failed to notify him regarding the appointment of assigned counsel. Id. at ¶ 9; Pet. Exhibit 1, Opposition Affidavit to the People's Notice of Motion to Dismiss at ¶ 6. On July 8, 2004, the New York State Appellate Division, Second Department, dismissed petitioner's appeal. Kean Affidavit at ¶ 9[b]. Petitioner applied for leave to appeal to the New York Court of Appeals and his request was denied on September 1, 2004. Id. at ¶ 11; Pet., Exhibit 5, Certificate Denying Leave.

### 3. Custody on Separate Conviction

On October 27, 1999, while on parole for the conviction he challenges here, petitioner was convicted in New York Supreme Court, Kings County of robbery in the first degree and sentenced, as a persistent violent felony offender, to two concurrent terms of imprisonment of twenty-five years to live in prison. Kean Affidavit at ¶ 7; see Marsh v. Smith, 03-CV-0329 (NGG)(LB), Report and Recommendation at 4. Petitioner does not challenge the 1999 conviction in the instant petition. Indeed, he could not as this Court denied his petition for a writ of habeas corpus challenging his 1999 conviction on June 6, 2005 and the United States Court of Appeals for the Second Circuit affirmed the decision by mandate issued May 9, 2006. Marsh v. Smith, 03-CV-0329 (NGG)(LB). Petitioner is incarcerated at Attica correctional facility serving the sentence for the 1999 conviction. See http://nysdocslookup.docs.state.ny.us.

### 4. The Instant Petition

The instant petition is deemed to be filed on April 20, 2005. Petition at 6; Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (*pro se* prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing). Petitioner challenges his 1993 conviction on the ground that he was denied his "right to due process of law and to the effective assistance of counsel when the appellate division dismissed his appeal." Pet. at 4.

## DISCUSSION

In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal district court makes an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution, or any law and treaties of the United States. Coleman v. Thompson, 501 U.S. 722 (1991). A district court may not entertain a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 unless the petitioner satisfies the jurisdictional "in custody" requirement. 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody . . . ");[1] Maleng v. Cook, 490 U.S. 488, 491-92 (1989); Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994). It is well-settled that the petitioner must be in custody pursuant to the challenged sentence when the petition for collateral review is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968) ("[t]he federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." ); Maleng, 490 U.S. 492 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the

---

[1] An analogous requirement exists under 28 U.S.C. § 2255, and Courts discuss the requirements under §§ 2254 and 2255 interchangeably.

situation where a habeas petitioner suffers no present restraint from a conviction."); Scanio, 37 F.3d at 860. Physical confinement is not necessary to satisfy the "in custody" requirement; a petitioner who is on parole or serving a term of supervised release is "in custody" for the purposes of the federal habeas statute. Id.; Jones v. Cunningham, 371 U.S. 236, 242-43 (1963); McCool v. New York State, 29 F. Supp. 2d 151 (W.D.N.Y. 1998) (parole satisfies "in custody" requirement).

Here, petitioner's sentence on this 1993 conviction was fully discharged on February 29, 2004. While petitioner was released from physical custody on December 24, 1997, he remained on parole until February 29, 2004. Therefore, petitioner was no longer in custody pursuant to the judgment he seeks to challenge when he filed the instant petition on April 20, 2005.[2] Accordingly, this court is without jurisdiction to entertain the instant habeas petition. Scanio, 37 F.3d at 860 (2d Cir.1994) ("[T]he habeas corpus statute confers jurisdiction to district courts to entertain habeas petitions for relief solely from persons who satisfy the status or condition of being 'in custody' at the time the petition is filed").

## CONCLUSION

It is respectfully recommended that the instant petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed for lack of subject matter jurisdiction. Because

---

[2]The fact that petitioner's 1993 conviction challenged herein was used was to enhance petitioner's 1999 sentence does not satisfy the "in custody" requirement for purposes of federal habeas review of the 1993 conviction. Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394 (2001) (explaining that defendant is not in state custody under § 2254 merely because his prior state conviction was used to enhance his current sentence); Maleng, 490 U.S. at 493 (petitioner was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence). While petitioner would satisfy the "in custody" requirement to challenge the 1999 sentence he is currently serving, petitioner's federal habeas challenging his 1999 conviction has already been denied. Marsh v. Smith, 03-CV-0329.

4

petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability should issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds*, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing standard for issuing certificate of appealability); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). It is also recommended that the Court should certify pursuant to 28 U.S.C. § 1915(a) that any *in forma pauperis* appeal from a judgment dismissing this petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Any request for an extension of time to file objections must be made within the ten (10) day period. Failure to file a timely objection to this Report generally waives any further judicial review. DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000); Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 174 (2d Cir. 2000); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

SO ORDERED.

_____
LOIS BLOOM
United States Magistrate Judge

Dated: June 29, 2006
Brooklyn, New York

Copies to:

HON. NICHOLAS G. GARAUFIS, U.S.D.J.

MICHAEL MARSH, Pro Se Petitioner
00-A-0466
Shawangunk Correctional Facility
P.O. Box 700
Walkill, NY 12589

CYNTHIA KEAN
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201