UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X
MICHAEL MARSH,

                Petitioner,             **MEMORANDUM & ORDER**
                                                          05-CV-2190 (NGG)(LB)
      - against -

JOSEPH T. SMITH,
Superintendent, Shawangunk
Correctional Facility

                Respondent.
------------------------------------------------X
GARAUFIS, United States District Judge.

      On June 30, 2006, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") in this matter recommending that the Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied on the grounds that this court lacks subject matter jurisdiction to consider the Petitioner's claims for relief.[1] Because Petitioner filed his petition on April 20, 2005 seeking habeas relief for a 1993 conviction for which his sentence (including a period of parole) expired on February 29, 2004, Judge Bloom found that Petitioner failed to meet the *in custody* requirement of 28 U.S.C. § 2254.

      Petitioner filed an objection to Judge Bloom's R&R by letter filed with this court on July 7, 2006. As the Petitioner timely filed objections to the Magistrate Judge's R&R, this court makes a de novo review of all portions of the R&R to which the Defendant specifically objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon de novo review, for the reasons explained

---

[1] Familiarity with Judge Bloom's R&R is presumed.

below, this court adopts Judge Bloom's recommendation. This court lacks subject matter jurisdiction to hear this claim, and the Petitioner's petition is therefore denied.

**Discussion**

There is no dispute that the Petitioner's sentence for his 1993 conviction, for which he seeks habeas relief, expired in February 2004. However, while on parole for the 1993 conviction, on October 27, 1999, Petitioner was convicted in New York Supreme Court, Kings County of a separate crime and sentenced as a persistent violent offender to two concurrent terms of imprisonment of twenty-five years to life in prison. The Petitioner is currently incarcerated on the 1999 conviction. He has already sought and been denied by this court habeas relief challenging his current confinement for his 1999 conviction. See Marsh v. Smith, 03-CV-329 (NGG) (LB) (Docket Entries Nos. 11, 13).

The thrust of Petitioner's objection to Judge Bloom's recommendation is that because his 1993 conviction was used to enhance his 1999 conviction, for which he is currently confined, he is entitled to habeas review for the earlier conviction notwithstanding the fact that his sentence for that crime is complete. Judge Bloom has correctly interpreted binding case law as precluding such relief for the Petitioner. See Maleng v. Cook, 490 U.S. 488 (1989). The Petitioner has drawn the court's attention to the case of Young v. Vaughn, 83 F.3d 72 (3d Cir. 1996), to support his position. In that case, the petitioner Young was in a similar position to the instant Petitioner, although with one critical difference. There, Young sought habeas relief on a prior conviction for which his sentence had expired, but which was used to enhance the sentence he was then currently serving. The Third Circuit held that "since Young was serving another sentence when he filed his petition – a sentence that is a collateral result of his expired conviction – the district

court should have construed his petition as challenging that sentence rather than his expired conviction." Young, 83 F. 3d 72, 73. Thus, the court held that it had jurisdiction over Young's habeas petition seeking relief from his then-*current* conviction, and, furthermore, that Young could attack the *expired* conviction through the habeas petition for his current conviction. Id. at 72-3.[2]

While the Young case would appear to support the Petitioner's argument in the instant matter, it is distinguishable on a dispositive point. The Petitioner has already sought and been denied habeas relief on his current conviction. Thus, even were this court to liberally construe the pro se Petitioner's instant petition as challenging his current confinement, as opposed to his expired conviction, this court would still lack jurisdiction to consider the petition. See 28 U.S.C. § 2244(b)(3); Casey v. Burge, No. 04-CV-166, 2005 WL 712435, at *2 (E.D.N.Y. Mar. 28, 2005) ("The Court has no authority to entertain a second habeas petition absent authorization from the circuit court."). Thus, Judge Bloom has correctly found that this court lacks jurisdiction over this petition, and it therefore must be dismissed.

**Conclusion**

Upon de novo review, this court adopts the recommendation of Magistrate Judge Bloom in its entirety and the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed for lack of subject matter jurisdiction. Because the petitioner has not

---

[2] The Second Circuit has adopted the holding in Young to the extent that it has held on similar facts that a district court should have deemed a pro se petitioner's petition for writ of habeas corpus challenging an expired conviction that enhanced a current conviction as a habeas petition challenging the current conviction. Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999) (per curiam) (remanding to district court to permit petitioner-appellant to amend his petition to challenge explicitly his "current sentence's allegedly illegal enhancement").

made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997) *abrogated on other grounds*, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915(a) that any *in forma pauperis* appeal from this judgment would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to close this case and to mail a copy of this M&O to the pro se Petitioner.

SO ORDERED.

Dated: September 1, 2006                      /s/
Brooklyn, N.Y.                                      Nicholas G. Garaufis
                                                          United States District Judge